UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

TEXTILES FROM EUROPE, INC. d/b/a VCNY HOME,

                      *Plaintiff*,

-against-

EZRA ANZERUTH d/b/a HLNY,

                      *Defendant*.

------------------------------------X

Case No.

COMPLAINT

JURY TRIAL DEMANDED

Plaintiff Textiles From Europe, Inc. d/b/a VCNY Home ("Plaintiff" or "VCNY"), by and through its attorneys, Garvey Schubert Barer, as and for its Complaint, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action pursuant to 15 U.S.C. § 1125 for Defendant's infringement of VCNY's common law rights and federally registered trademarks and trade dress.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this matter involves questions of federal law based on Defendant's violation of the Lanham Act, 15 U.S.C. § 1125.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because substantial events or omissions giving rise to the claim occurred in this judicial district.

**PARTIES**

4. Plaintiff is a New York corporation with a place of business in New York County, New York.

5. Upon information and belief, defendant Ezra Anzeruth d/b/a HLNY ("Anzeruth") is a resident of the State of California with a place of business at 523 N. Alpine Drive, Beverly Hills, California 90201. Upon information and belief, Anzeruth does business under the name HLNY and distributes textile products under the HLNY brand name under his RN Number RN#130063.

## STATEMENT OF FACTS

6. Plaintiff is an importer of high-quality home textiles for bedding, bath and window accessories in the United States. Plaintiff sells its goods under the name "VCNY," for which it owns all rights, including common law rights and a federal registration: VCNY & Design (U.S. Reg. No. 5413389) for "bedspreads, bed sheets, bed skirts, pillow cases, bed blankets, quilts, comforters; non paper table cloths, table linens, towels; fabric window treatments and covers, namely, curtains and draperies, sheers, swags, and valances; shower curtain liners, shower curtains, bath towels, wash cloths, bath mitts, bath gloves, bath sheets, bath linens; textile wall hangings; textile fabrics for home and commercial interiors" (the "Goods") with a date of first use of March 22, 2016 (the "VCNY Mark"). The VCNY Mark is pictured below:



7. Plaintiff also uses the mark "VCNY HOME," for which it owns all rights, including common law rights and pending applications with the USPTO for the VCNY Home & Design mark for use in connection with "bedspreads, bed sheets, bed skirts, pillow cases, bed

blankets, quilts, comforters; non paper table cloths, table linens, towels; fabric window treatments and covers, namely, curtains and draperies, sheers, swags, and valances; shower curtain liners, shower curtains, bath towels, wash cloths, bath mitts, bath gloves, bath sheets, bath linens; textile wall hangings; textile fabrics for home and commercial interiors" (U.S. Ser. No. 87719475) with a date of first use as early as January 17, 2017. The VCNY Home Mark, which is pictured below:



8. Plaintiff uses the VCNY Mark and the VCNY Home Mark (collectively, the "Marks") in connection with social media accounts, including Facebook and Instagram.

9. Plaintiff owns and uses the Marks in connection with the domain "vcnyhome.com" (the "Domain").

10. Plaintiff's packaging and advertising and marketing materials use protectable, valid, and non-functional trade dress that includes but is not limited to a monochromatic color scheme with distinctive stylized letters and the placement of words and images (the "Trade Dress").

11. Upon information and belief, Defendant operates a home textiles business in the United States under the name HLNY and "HLNY BY HOME LIVING" (the "Infringing Mark"), selling substantially the same goods as Plaintiff (bedding, bath and window accessories), and using trade dress substantially similar to Plaintiff's Trade Dress (the "Infringing Trade Dress"), which includes marketing and sales in the State of New York. Defendant's Mark is pictured

below:



12. Upon information and belief, Defendant uses the Infringing Mark and Infringing Trade Dress in connection with its marketing, packaging and social media accounts, including Facebook and Instagram.

13. Defendant does not have a license or any other approval from Plaintiff to use the Mark, any similar mark, or the Trade Dress, in any manner.

14. On March 16, 2018, Plaintiff's counsel sent cease and desist letters to Defendant. Plaintiff received no response and, upon information and belief, Defendant has since failed to stop using the Infringing Mark and Infringing Trade Dress.

15. Defendant's use of the Infringing Mark and the Infringing Trade Dress has resulted in actual confusion of consumers, and is likely to continue to cause confusion, as to the source of the goods offered by Defendant and as to the sponsorship, endorsement, and affiliation of Defendant with Plaintiff.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
(Trademark infringement under the Lanham Act)

16. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

17. Plaintiff holds prior and superior rights in the Marks and the distinctive Trade

Dress described above.

18.     Plaintiff has expended substantial amounts promoting the Goods used in connection with the Marks, and as a result, the Marks are a valuable source identifiers, representing significant goodwill in the Marks.

19.     Defendant is using the Infringing Mark and/or a confusingly similar mark without Plaintiff's authorization or consent for goods substantially the same as Plaintiff's Goods (the "Infringing Goods").

20.     Plaintiff did not authorize or grant any license Defendant to manufacture, distribute and sell products using the Marks, which is a deceptive imitation of Plaintiff's Marks.

21.     Defendant knowingly and willfully infringed the Marks because Defendant knew that Plaintiff was already using the Marks in connection with the Goods when it began using the Infringing Mark for the Infringing Goods.

22.     By offering for sale and/or selling the Infringing Goods under the Infringing Marks without Plaintiff's authorization or consent, Defendant falsely designated Plaintiff as the origin of the Infringing Goods and/or falsely represented the Infringing Goods as authorized or approved by Plaintiff.

23.     Defendant's conduct has caused and is likely to cause further confusion, and mistake, and to deceive consumers as to the affiliation, connection, and/or association of Plaintiff with the Infringing Goods and/or Defendant, as well as the origin, sponsorship, and/or approval of the Infringing Goods by Plaintiff.

24.     Defendant's conduct described above infringes the Mark in violation of 15 U.S.C. §§ 1114 & 1125.

25.     Defendant's conduct has caused Plaintiff damage in an amount to be proven at

trial.

26. As a direct result of Defendant's unlawful and infringing actions as alleged herein, Plaintiff has suffered substantial and irreparable injury, loss and damage to its business and its rights in the Marks and the goodwill associated therewith, for which it has no adequate remedy at law, and unless enjoined, Defendant will continue to cause substantial and irreparable injury, loss and damage to Plaintiff and its rights in the Marks and the goodwill associated therewith.

27. Plaintiff is entitled to injunctive relief, as well as judgment for all damages it sustained as a result of Defendant's conduct in violation of 15 U.S.C. §§1114 & 1125, for all of Defendant's profits from offering for sale and/or selling the Infringing Goods, together with interest accrued and accruing thereon, and for Plaintiff's costs in this action. Further, because Defendant's unauthorized use of the Marks was knowing, willful, and in reckless disregard of Plaintiff's rights, Plaintiff is entitled to its attorneys' fees.

## SECOND CLAIM FOR RELIEF
(Trade Dress infringement under the Lanham Act)

28. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

29. Plaintiff owns all right, title, and interest in the Trade Dress, which constitutes valid and non-functional trade dress protectable under the Lanham Act.

30. Defendant has emulated, simulated, and used the Trade Dress without Plaintiff's authorization or consent in connection with the Infringing Goods.

31. The Infringing Trade Dress has and is likely to cause confusion, mistake, or deception as to the source or sponsorship of the Infringing Goods and/or is likely to lead the consuming public to believe that Plaintiff has authorized, approved, or somehow sponsored

Defendant's Infringing Goods.

32. On information and belief, Defendant knew of the Trade Dress and intentionally and directly offered and sold the Infringing Goods, having trade dress confusingly similar to the Trade Dress, in knowing, deliberate, and willful disregard of Plaintiff's trade dress rights.

33. The actions of the Defendant described above constitute trade dress infringement in violation of Section 43(a) of the Lanham Act.

34. Plaintiff has been, and will continue to be, damaged and irreparably harmed by the actions of the Defendant, which will continue unless Defendant is enjoined by this Court.

35. The actions of Defendant, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the Trade Dress, and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. §1116.

36. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendant on sales of the Infringing Goods and the costs of this action. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the actions of Defendant were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff respectfully requests the following relief:

1. A monetary judgment against Defendant for all damages Plaintiff sustained based on Defendant's violation of the Lanham Act, all of Defendant's profits from offering for sale and/or selling the Infringing Goods, together with interest accrued and accruing thereon, as well

as all of Plaintiff's costs in this action;

2. An award of reasonable attorneys' fees to the Plaintiff;

3. A preliminary and permanent injunction by this Court enjoining and prohibiting Defendant, or their agents, employees, servants, officers, representatives, directors, affiliates, assigns, and entities owned or controlled by Defendant, and all those in active concert and participation with Defendant, and each of them who receives notice directly or otherwise of such injunction from: (i) manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, retailing, offering for sale, selling and/or otherwise dealing in Infringing Goods; and (ii) directly or indirectly infringing in any manner any of Plaintiff's trademarks or other exclusive rights including, without limitation, the Mark.

4. All other and further relief as the Court finds necessary and proper.

## REQUEST FOR JURY TRIAL

Plaintiff requests a jury trial on all the issues so triable, pursuant to Fed. R. Civ. P. 38. This request is without prejudice to, or waiver of, Plaintiff's right to move for judgment in its favor, on all issues that may be decided by the Court.

Dated:  June 26, 2018

GARVEY SCHUBERT BARER, P.C.

By: _____
Alan A. Heller (AH-7942)
*Attorneys for Plaintiff*
100 Wall Street, 20th Floor
New York, New York  10005
Tel:  (212) 965-4526
Email:  aheller@gsblaw.com

GSB:9558270.2